UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ROBERT CHRISTOPHER ADAMS,

    Plaintiff,

  v.                                      Case No. 20-cv-594-JPG

DUPONT and EDWARD WALLACE,

    Defendants.

## MEMORANDUM AND ORDER

This matter comes before the Court on the motions of plaintiff Robert Christopher Adams for reconsideration of the Court's December 17, 2020, order and judgment (Doc.38), for appointment of counsel (Doc. 39), and for an order for access to the website of defendant DuPont for the purpose of filling out an information sheet (Doc. 40). The Court entered judgment of dismissal without prejudice after Adams failed to timely serve the defendants or to respond to an order to show cause.

The Court considers Adams's motion for reconsideration to be under Federal Rule of Civil Procedure 59(e) since it was filed within 28 days of entry of judgment and seeks the type of relief available under that rule. *See Carter v. City of Alton*, 922 F.3d 824, 826 n. 1 (7th Cir. 2019). Under Rule 59(e), a court has the opportunity to consider newly discovered material evidence or intervening changes in the controlling law or to correct its own manifest errors of law or fact to avoid unnecessary appellate procedures. *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir. 1996); *see A&C Constr. & Installation, Co. WLL v. Zurich Am. Ins. Co.*, 963 F.3d 705, 709 (7th Cir. 2020).

In this lawsuit, Adams alleges that he suffered exposure to ammonium perfluorooctanoate ("C-8"), a chemical DuPont used in a number of its products. Years ago, Dupont settled *Leach*

*v. E. I. du Pont de Nemours and Company*, No. 2:14-cv-23755 (S.D.W.Va.), a class action in the United States District Court for the Southern District of West Virginia brought by more than 70,000 class members in six water districts near a Dupont plant that discharged C-8.  Since that settlement, there have been numerous personal injury cases alleging injury from that C-8 discharge.  *See In re: E. I. du Pont de Nemours and Company C-8 Personal Injury Litigation*, MDL 2433.  The Court believes it is possible that Adams may have a viable lawsuit related to this family of lawsuits.  Without further clarification, though, the Court cannot say whether Adams has a colorable lawsuit against DuPont and whether, if he does, he is capable of litigating it himself or likely to be able to obtain counsel on his own.

The Court is further sympathetic to incarcerated persons who, now limited even more than normal by COVID-19, cannot access basic resources to look up a defendant's address for the purpose servicing it.  Furthermore, recent mail service delays have resulted in additional difficulties for inmate's trying to communicate with those outside prison.  The Court finds that in light of these difficulties, it is necessary to recruit counsel for limited purposes in this case and, pursuant to Federal Rule of Civil Procedure 4(m), to extend the time for service until February 19, 2021.

In light of all of the foregoing, the Court:

- **GRANTS** Adams's motion for reconsideration (Doc. 38) and **VACATES** its December 17, 2020, judgment (Doc. 37) and its order *to the extent it relates to defendant DuPont only* (Doc. 36);[1]

- **GRANTS** Adams's motion for recruitment of counsel (Doc. 39) and counsel will be appointed by separate order.  Counsel is appointed for the following purposes only:  (1) to achieve service on the defendant DuPont, (2) to assist Adams in obtaining the

---

[1] Defendant Edward Wallace remains dismissed from this case without prejudice because, in addition to not timely serving him, Adams makes no factual allegations against him in the complaint.  Reconsideration of the Court's prior disposition of the claims against Wallace is not warranted.

information sheet/form he seeks in his third motion (Doc. 40), and (3) to file a notice advising the Court whether Adams may have a colorable claim that might be heard in *In re: E. I. du Pont de Nemours and Company C-8 Personal Injury Litigation*, MDL 2433. All this should be accomplished by February 19, 2021;

- **DENIES as moot** Adams's motion for an order for access to the website of defendant DuPont for the purpose of filling out an information sheet (Doc. 40) in light of the recruitment of counsel for limited purposes; and

- **TERMINATES** the reference to Magistrate Judge Beatty until such time as all served defendants have consented to such a referral.

**IT IS SO ORDERED.**
**DATED:  January 7, 2021**

                                                  s/ J. Phil Gilbert
                                                  **J. PHIL GILBERT**
                                                  **DISTRICT JUDGE**